UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THE SURFRIDER FOUNDATION, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-20 |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **Consolidated with** |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-33 |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Lift Stay of Proceedings [DE 26] filed by the plaintiffs, Surfrider Foundation and City of Chicago, on July 13, 2018, and the Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Lift Stay of Proceedings Instanter [DE 29] filed by the defendant, United States Steel Corporation, on September 17, 2018. For the following reasons, the Motion to Lift Stay of Proceedings [DE 26] is **DENIED without prejudice,** and the Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Lift Stay of Proceedings Instanter [DE 29] is **GRANTED.**

*Background*

The plaintiffs, Surfrider Foundation and City of Chicago, commenced two separate actions on January 17, 2018 and January 24, 2018, respectively, against the defendant, United

States Steel Corporation, under §505 of the Clean Water Act (CWA), 33 U.S.C. §1365. Surfrider's citizen suit has raised statutory claims for relief, alleging that U.S. Steel discharged pollutants in violation of §301 of the CWA, 33 U.S.C. §1311, and in violation of the National Pollutant Discharge Elimination System (NPDES) permits issued to U.S. Steel pursuant to §402 of the CWA, 33 U.S.C. §1342. The City's citizen suit includes the same claims and adds a sixth claim for negligence. The court on March 1, 2018, consolidated the plaintiffs' actions for discovery and trial purposes.

On April 2, 2018, the United States and the State of Indiana (the Governments) initiated a separate but related action against U.S. Steel, *United States v. United States Steel Corporation, No. 2:18-cv-127, (N.D. Ind. 2018)*. The Governments lodged a proposed Consent Decree that purported to resolve the Governments' claims against U.S. Steel. The parties indicated that the facts alleged in the Governments' complaint and the instant matter relate to the same factual issues and claims and allege similar CWA violations by U.S. Steel. Therefore, the parties filed a joint motion requesting that the court stay the proceedings in the instant matter on April 4, 2018.

The parties, in the joint motion to stay, indicated that a final Consent Decree resolving the claims raised in the Governments' complaint would have the potential to narrow or resolve most or all of the plaintiffs' claims in the plaintiffs' complaints, thereby reducing or streamlining any discovery or further litigation necessary in this action. [DE 22 ¶ 3]. Additionally, the parties indicated that the public notice and comment period for the proposed Consent Decree would provide the parties with an opportunity to negotiate and settle any potentially unresolved issues, thereby providing another avenue to avoid further litigation. [DE 22 ¶ 3]. The parties agreed that: (i) a stay would not unduly prejudice or tactically disadvantage any of the parties; (ii) a stay would simplify the issues in question and streamline the trial; and (iii) a stay would reduce the

burden of litigation on the parties and on the court. [DE 22 ¶ 4]. The court stayed the proceedings on April 6, 2018.

The plaintiffs have filed the instant motion requesting the court to lift the stay. U.S. Steel filed a response in opposition of August 3, 2018, and the plaintiffs filed on reply on August 13, 2018. Additionally, U.S. Steel has filed a motion requesting leave to file a surreply in opposition to the plaintiffs' motion to lift the stay. U.S. Steel has indicated that the plaintiffs have filed motions to intervene in the Governments' complaint and the Governments have engaged U.S. Steel in significant discussions regarding the public comments and potential amendments to the proposed Consent Decree. The plaintiffs filed a response in opposition on September 21, 2018.

*Discussion*

The court first will address U.S. Steel's motion to file a surreply in opposition to the plaintiffs' motion to lift the stay, *instanter*. N.D. Ind. L.R. 7-1 permits parties to file an initiating brief, a response, and a reply, but it does not contemplate the filing of a surreply or response to the reply brief. The court generally does not permit litigants to file a surreply brief. **Hall v. Forest River, Inc**., 2008 WL 1774216, *n.3 (N.D. Ind. April 15, 2009); **Runkle v. United States.**, 1995 WL 452975, *1 (N.D. Ind. May 9, 1995). However, "[a] surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." **Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.**, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citing **Hall v. Forest River, Inc**., 2008 WL 1774216, at *n. 3 (N.D. Ind. Apr. 15, 2008)). The court's decision to permit or deny a surreply brief is reviewed under an abuse of discretion standard. **Cleveland v. Porca Co.**, 38 F.3d 289, 297 (7th Cir. 1994).

U.S. Steel has indicated that subsequent to the filing of the plaintiffs' reply brief, the plaintiffs both filed motions requesting to intervene in the Governments' complaint. Therefore,

U.S. Steel has argued that it has not had the opportunity to address how the motions to intervene weigh in favor of maintaining the stay. U.S. Steel's surreply, submitted as an exhibit to the motion, does not address matters that could have been raised in the response brief. The motions to intervene were filed after the motion to lift the stay had been fully briefed. Therefore, U.S. Steel has provided justification for its request to file its proposed surreply in order to address new issues. Accordingly, the court hereby **GRANTS** the Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Lift Stay of Proceedings Instanter [DE 29].

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." ***Clinton v. Jones,*** 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997) (citing ***Landis v. N. Am. Co.,*** 299 U.S. 248, 254, 57 S. Ct. 163, 165–66, 81 L. Ed. 153 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis,*** 299 U.S. at 254. The ability to lift a stay previously enforced is included in this power.

The plaintiffs have requested that the court lift the stay. The plaintiffs contend that: (1) the entry of the final Consent Decree is uncertain and does not seem to be imminent; (2) the proposed Consent Decree will not narrow or resolve the plaintiffs' claims, so as to significantly streamline this matter; (3) the notice and comment period has not facilitated productive negotiations or settlement; and (4) there is no binding judgment in place to ensure that U.S. Steel corrects its illegal practices.

Additionally, the plaintiffs have indicated that since agreeing to stay the proceedings circumstances have changed significantly. The plaintiffs represent that the CWA violations are more serious than they originally believed. Moreover, the plaintiffs have indicated that, after

4

having sufficient opportunity to review the proposed Consent Decree and technical submissions U.S. Steel made to the Governments, they have determined that the proposed Consent Decree will not adequately remedy U.S. Steel's CWA violations, does not correctly calculate the penalty given the actual levels of hexavalent chromium U.S. Steel has illegally discharged, and will not require U.S. Steel to correct its problems that caused its illegal discharges.

U.S. Steel contends that the plaintiffs' request to lift the stay comes just one month after the Consent Decree public comment period closed for the general public and a week after it closed for the plaintiffs. Thus, U.S. Steel has argued that the plaintiffs have not provided sufficient justification for why the stay should be lifted so soon after they agreed to it. U.S. Steel asserts that the criteria for issuing the stay, including judicial economy and efficiency considerations, remains satisfied.

Additionally, in its surreply U.S. Steel has indicated that if the motions to intervene are granted, the plaintiffs' concerns about the inadequacies of the Consent Decree and the need to proceed immediately with the plaintiffs' complaints will be abrogated. Also, the plaintiffs will be allowed to participate directly in the entry of the Consent Decree and target the issues that they feel are unaddressed. U.S. Steel asserts that the plaintiffs no longer would have to engage in discovery in the instant matter because similar allegations are at issue in both cases. Therefore, the plaintiffs will have an opportunity to consider how the Consent Decree addresses their allegations, through the intervention. Finally, U.S. Steel contends that the plaintiffs' pursuit of two cases addressing similar issues simultaneously will impose an undue burden on it.

The plaintiffs both filed motions seeking leave to intervene as a plaintiff-intervenor in the Governments' complaint on September 13, 2018. Therefore, if the motions to intervene are granted, the plaintiffs will have the opportunity to participate directly in the Governments'

litigation, thereby eliminating any prejudice to the plaintiffs in continuing the stay in the instant matter.  Also, if the plaintiffs become parties to the Governments' action it may bar some the plaintiffs' claims, thus narrowing the issues in the instant matter and reducing the burden on the parties and the court.  Because the motions to intervene have an impact on this litigation, the court will maintain the stay at least until such time as those motions have been ruled on.

Based on the foregoing reasons, the Motion to Lift Stay of Proceedings [DE 26] is **DENIED without prejudice,** and the Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Lift Stay of Proceedings Instanter [DE 29] is **GRANTED.**

ENTERED this 6th day of December, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge