## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| THE SURFRIDER FOUNDATION,<br>      Plaintiff | )<br>)<br>) | Case No. 2:18-cv-00020 |
| v. | )<br>) | |
| UNITED STATES STEEL CORPORATION, | )<br>)<br>) | |
|       Defendant. | )<br>) | **Consolidated with** |
| THE CITY OF CHICAGO,<br>      Plaintiff, | )<br>)<br>) | Case No. 2:18-cv-00033 |
| v. | )<br>) | |
| UNITED STATES STEEL CORPORATION, | )<br>)<br>) | |
|       Defendant. | ) | |

**<u>MOTION TO CONSOLIDATE CASES No. 2:18-cv-00020 AND No. 2:18-cv-00127</u>**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) and Local Rule 42-2, plaintiffs The Surfrider Foundation ("Surfrider") and the City of Chicago ("City") (collectively, "Plaintiffs") jointly move to lift the stay in this case and consolidate case No. 2:18-cv-00127 ("Governments' Case") with this action for all purposes.

The Court should lift the stay to consolidate the Governments' Case into this action. In the underlying Joint Motion for Stay, the parties jointly requested status conferences in 90-day intervals. *The Surfrider Foundation v. U. S. Steel Corporation*, No. 2:18-cv-00020, Dkt. 22, at 3 (Joint Motion for Stay of Proceedings). It has been over 90 days since the Plaintiffs' Motion to Lift the Stay was denied. No. 2:18-cv-00020, Dkt. 31 (Opinion and Order). Furthermore, the Court based that ruling on its authority to manage its docket "with economy of time and effort."

*Id.* at 4 (quotation omitted).  The Court indicated that it would maintain the stay "at least until such time as" Plaintiffs' motions to intervene in the Governments' Case "have been ruled on." *Id.* at 6. As explained below, those motions have been granted and judicial economy is now best served by lifting the stay to consolidate the Governments' Case into Plaintiffs' cases.

Consolidation is allowed and proper in this case, as the cases involve common questions of law and fact, and consolidation would promote judicial economy and efficiency.  The cases should be consolidated here because they all involve the same core set of Clean Water Act ("CWA") violations by defendant United States Steel Corporation ("Defendant"), and involve similar questions of law and fact related to these violations.  Resolution of the Governments' claims in case No. 2:18-cv-00127 will affect both the legal and factual bases for many of the claims asserted by the Plaintiffs in this action, No. 2:18-cv-00020.  Consolidation offers the most efficient course forward because the CWA violations alleged in common can then be litigated and resolved at once, whether through a consent decree or otherwise; remaining claims or issues can then be addressed among whichever parties remain at odds.  The differences between the actions would thereby be preserved in consolidation.  That Surfrider and the City are plaintiff-intervenors in case No. 2:18-cv-00127 does not limit the ability of the Court to consolidate the two cases, and the government plaintiffs in No. 2:18-cv-00127 would not be prejudiced by consolidation because Plaintiffs are now parties to their action and the Governments' claims may be closed whenever they are fully resolved.  Accordingly, Plaintiffs respectfully request that the Court consolidate these cases under Rule 42(a) to resolve common questions of law and fact in a manner more efficient and consistent than serial litigation.

2

## BACKGROUND

Defendant has consistently violated numerous provisions of its National Pollutant Discharge Elimination System ("NPDES") permit and the CWA, most notably by illegally discharging roughly 300 pounds of carcinogenic hexavalent chromium in April 2017, forcing public beaches and a drinking water intake to close. After cataloging numerous violations of the CWA by Defendant, Surfrider sent Defendant a notice of its intent to file suit on November 14, 2017 and then filed this suit on January 17, 2018. *See The Surfrider Foundation v. U. S. Steel Corporation*, 2:18-cv-00020, Dkt. 1 ("Surfrider Complaint"). On January 17, 2018, the City filed suit alleging substantially the same CWA claims as Surfrider, along with an additional negligence claim. *City of Chicago v. U. S. Steel Corporation*, 2:18-cv-00033, Dkt. 1 ("City Complaint"). These two cases were ordered consolidated for discovery and trial purposes on March 1, 2018. 2:18-cv-00020, Dkt. 14. Defendant filed Answers to the Surfrider Complaint and City Complaint, admitting to more than forty of the alleged violations. 2:18-cv-00020, Dkts. 17–18.

On April 2, 2018, nearly three months after the Surfrider Complaint was filed, the United States and State of Indiana ("Governments") initiated their own CWA lawsuit against Defendant by filing contemporaneously a Complaint ("Governments' Complaint") and a proposed Consent Decree. *See United States et. al. v. United States Steel Corporation,* 2:18-cv-00127, Dkt. 1. The Governments' Complaint alleges CWA claims that overlap significantly with those CWA violations alleged in the Surfrider Complaint and City Complaint, including violations related to the April 2017 hexavalent chromium spill, other specific pollutant limitation violations, and maintenance violations. Surfrider and the City each filed motions to intervene in the Governments' Case. 2:18-cv-00127, Dkt. 12. The Governments did not oppose those motions, instead arguing for limited and delayed intervention rights, and Defendant took no position. 2:18-cv-00127, Dkt.

17. The Court granted Plaintiffs intervention into the Governments' Case without restriction or delay.  2:18-cv-00127, Dkt. 20.

Following the grant of intervention, on December 27, 2018, Plaintiffs each filed the Complaints-in-Intervention that had been attached to their respective motions to intervene.  2:18-cv-00127, Dkts. 22-23.  On multiple occasions in November and December 2018, however, Defendant again violated its permit and the CWA.  *See, e.g.,* 2:18-cv-00127, Dkt. 33 at 27–29.  To bring the CWA allegations at issue up to date and reflect these more recent and ongoing violations, Plaintiffs each filed an Amended Complaint-in-Intervention as of right on January 17, 2019.  2:18-cv-00127, Dkts. 32–33.  Defendant filed motions to dismiss those Amended Complaints-in-Intervention on January 30, 2019.  2:18-cv-00127, Dkts. 35–38.  In its briefs, Defendant argues, in part, that it believes Plaintiffs appear to be "attempting to obtain duplicative penalties" because there are two separate cases pending that relate to an overlapping set of CWA violations by Defendant.  2:18-cv-00127, Dkt. 36 at 7–11, Dkt. 38 at 7–11.  Defendant's motions to dismiss are fully briefed.

Plaintiffs now move to consolidate into this case the Governments' Case, a case that is pending before the same Article III judge, to which Defendant is also a party, and in which the Plaintiffs are each plaintiff-intervenors.

**ARGUMENT**

FRCP 42(a) allows the consolidation of separate cases "if actions before the court involve a common question of law and fact."  Fed. R. Civ. P. 42.  *See also Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983) (Rule 42(a) is "designed to encourage consolidation where common questions of law or fact are present").

The Seventh Circuit has long encouraged consolidation, stating that "Rule 42(a) . . . was designed and intended to encourage such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Specifically, cases involving common questions are "prime subjects for consolidation under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event[.]" *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). In applying Rule 42(a), courts "'consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results' as well as 'as the possibility of juror confusion or administrative difficulties.'" *Siemens Indus., Inc. v. City of East Chicago, Ind.*, No. 2:13-CV-273-JTM-PRC, 2013 WL 5707759 at *1 (N.D. Ind. Oct. 21, 2013) (citing and quoting *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008)). *See also Am. Family Mut. Ins. Co. v. Electrolux Home Prod., Inc.*, No. 11-CV-678-slc, 2012 WL 12996202 at *1 (W.D. Wis. Aug. 3, 2012) (finding a grant of consolidation for pretrial purposes appropriate when "both judicial economy and the ends of justice will be served"). Moreover, "when both cases are pending in the same district—let alone with the same judge—consolidation is preferable." *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 645 (E.D. Wis. 1998).

Here, consolidation will prejudice no party and will enable the court to review evidence and argument on issues relevant to all three cases in a single proceeding, thus advancing judicial economy and efficiently ensuring the consistency of all final orders.

1. **The Cases in Question Involve Common Questions of Law and Fact.**

Both the City and Surfrider cases, already consolidated under case 2:18-cv-00020, and the Governments' Case, 2:18-cv-00127, are focused on an overlapping set of CWA violations by Defendant.

These overlapping CWA claims necessarily involve similar questions of fact related to these violations, such as the extent and impacts of illegal discharges, Defendant's actions to

prevent and react to those violations, and the appropriate punitive and injunctive remedies. Specifically, Surfrider, the City, and the Governments all make substantively identical allegations relating to Defendant's Midwest Plant in Portage, Indiana, the same spill of hexavalent chromium into the Burns Waterway in April 2017, various other NPDES permit violations at the Midwest Plant including illegal chromium discharges in February 2013, January 2017, and October 2017, and include similar allegations related to Defendant's violation of maintenance and notification obligations under the CWA and its permit. *Compare* Government Complaint, 2:18-cv-00127, Dkt. 1, ¶¶ 71–100, *with* Surfrider Complaint, 2:18-cv-00020, Dkt. 1, ¶¶ 68–122, and City Complaint, 2:18-cv-00033, Dkt. 1, ¶¶ 62–116.

The resolution of these overlapping CWA claims in all three cases also turns on an effectively common question of law. This action is currently stayed to await a final resolution in the Governments' Case and, then, to assess the effect of that resolution upon the common claims asserted by Surfrider and the City. That the Governments may resolve their case through a future consent decree further demonstrates that consolidation will promote greater judicial efficiency. This is because the Seventh Circuit requires that the same "diligent prosecution" test be used by this Court both to review any proposed consent decree in the Governments' Case and to determine the effect of any approved consent decree on claims made in the citizen-suits brought by the City and Surfrider.

The Seventh Circuit Court of Appeals applies the "diligent prosecution" standard in the CWA, 33 U.S.C. § 1365(b)(1)(B), to determine if a second-filed, but first-settled, government action precludes further relief in a first-filed citizen suit. *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 382 F.3d 743, 759 (7th Cir. 2004); *id.* at 764–65 (reversing district court dismissal of citizen suit because record did not support conclusion that state

settlement constituted "diligent prosecution," and therefore settlement could not bar citizen suit). The Seventh Circuit, in *United States v. Metropolitan Water Reclamation Dist. of Greater Chicago,* 792 F.3d 821, 825 (7th Cir. 2015), applied the same "diligent prosecution" standard to find that a court-approved consent decree in a government action constituted "diligent prosecution" and therefore barred continued litigation of substantively identical CWA claims asserted by plaintiff-intervenors in their complaints-in-intervention.  *See id.* at 824 (noting specifically prior application of same diligent prosecution standard in *Friends of Milwaukee's Rivers*).  Where a final consent decree has been entered by a court, "this pretty much turns the diligence issue into the question of whether the proposed consent decree is reasonable . . .[which] enables us to merge the inquiries[.]"  *Id.* at 825.  Without consolidation, this single, combined diligent prosecution test would need to be applied twice to the same consent decree and resolved by the Court in two separate cases, unnecessarily wasting judicial resources.  Consolidation will allow the parties to argue how this test applies to any potential consent decree once, and then sort out any remaining claims after all consent decree questions have been dealt with, in a single proceeding.

While the two cases are not identical, any differences between the actions would still be preserved in consolidation and could be litigated after the common questions are resolved.  The Supreme Court has likened consolidation to a "mere joinder of distinct causes of action by distinct parties, arising out of common injury[.]"  *Hall v. Hall*, 138 S.Ct. 1118, 1125 (2018).  Consolidation, which saves time and expense by the parties and the court, is allowed as a matter of convenience; consolidation does not substantively merge cases into a single cause of action.  *Id.* at 1126–27 (discussing U.S. Supreme Court case law on consolidation).

The fact that the Plaintiffs have intervened in the Governments' Case does not limit the ability of the Court to consolidate the two cases.  Courts have granted consolidation of cases stemming from CWA violations in procedural postures similar to the present case. In *Northeast Iowa Citizens for Clean Water v. Agriprocessors, Inc*., for example, the plaintiff filed a CWA citizen suit prior to government action, intervened in the government enforcement action, and successfully moved to consolidate the two cases.  489 F. Supp. 2d 881, 887 (N.D. Iowa, 2007). *See also Friends of Sakonnet v. Dutra*, 738 F. Supp. 623, 626 (D.R.I. 1990) (noting that action brought by state attorney general had been consolidated into citizen suit); *Sierra Club v. Hamilton County Board of County Commissioners*, 504 F.3d 634, 642 (6th Cir. 2007) (noting that cases had been consolidated where government case was filed after citizen's notice of intent but before filing of citizen-suit complaint).

2. **Consolidation Would Promote Judicial Economy and Efficiency By Resolving Claims in All Three Cases In a Single Proceeding.**

Because the three cases in question share common questions of law and fact, consolidation here will promote the interests of efficiency and economy for both the Court and the parties. Common issues will need to be decided only a single time, thus preserving judicial resources and expediting resolution.

Defendant has previously expressed concern that Surfrider and the City seek "duplicative penalties" over the course of the three cases.  *See* 2:18-cv-00127, Dkts. 36, 38.  Consolidation of the Governments' Case with the previously consolidated Plaintiffs' cases will allow the Court to consider arguments as to penalties, injunctive relief, and other issues related to the common claims in a single proceeding, ensuring there will be no inconsistencies.  In addition, consolidation will not prejudice any of the parties involved in all cases.  The District Court for the Northern District of Indiana has specifically noted that while consolidation may make the consolidated proceeding

longer than one of the proceedings alone, the court and the parties "will save more time and resources" – both by conducting one set of actions, rather than two, and because the court would be able to resolve pending and future motions more quickly by considering the motions simultaneously. *Patriot Homes Inc. v. Forest River Housing Inc.*, No. 3:05-CV-471 RLM, 2008 WL 11389580 at *2 (N.D. Ind. Mar. 19, 2008). Here, consolidating the cases will allow the Court, Surfrider, the City, and Defendant to focus time and resources on a single set of actions, while not depriving any party of any right specific to each individual and distinct action.

Consolidation of these cases will also not prejudice the Governments. The fact that additional claims involving Surfrider, the City, and Defendant may remain in the event that a proposed consent decree is entered by the Court, or the Governments' claims are otherwise finally resolved, would not require any more time or effort from the Governments, as these will remain "distinct causes of action by distinct parties" not merged by consolidation. *Hall*, 138 S.Ct. at 1125. The Governments will only be required to respond to any motions or rulings relevant to the actions they are involved in. Each action will receive a separate judgment (though consolidation allows such separate judgments to be embodied in a single order), and each judgment is appealable regardless of any ongoing proceedings in other actions. *Id.* at 1125–26.

## CONCLUSION

For the reasons set forth above cases No. 2:18-cv-00020, 2:18-cv-00033, and 2:18-cv-00127 should be consolidated and allowed to proceed.


DATED this 29th day of March 2019.    Respectfully submitted,

/s/ Robert A. Weinstock
Mark N. Templeton
Robert A. Weinstock
Abrams Environmental Law Clinic

9

University of Chicago Law School
6020 S. University Ave.
Chicago, IL 60637
(773) 702-9611
templeton@uchicago.edu
rweinstock@uchicago.edu

*Attorneys for The Surfrider Foundation*


*/s/ Fiona A. Burke*
Fiona A. Burke, Chief Assistant Corporation Counsel
Aviation, Environmental, Regulatory, and Contracts Division
City of Chicago Department of Law
30 N. LaSalle St., Suite 1400
Chicago, IL 60602
312-744-6929
Fiona.Burke@cityofchicago.org

Elie T. Zenner, Assistant Corporation Counsel
Affirmative Litigation Division
City of Chicago Department of Law
121 North LaSalle Street, Suite 600
Chicago, IL 60602
312-744-6076
Elie.Zenner@cityofchicago.org

*Attorneys for the City of Chicago*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of March, 2019, a copy of the foregoing Motion to Consolidate Cases No. 2:18-cv-00020 and No. 2:18-cv-00127 was filed electronically with the Clerk of Court using the Court's Electronic Filing System. Notice of this filing will be sent to all counsel of record through the ECF notification system.

                                        /s/ Robert A. Weinstock
                                        Robert A. Weinstock
                                        *Counsel for The Surfrider Foundation*