UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THE SURFRIDER FOUNDATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-20 |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **Consolidated with** |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-33 |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Lift Stay of Proceedings [DE 32], and the Motion to Consolidate Cases No. 2:18-cv-20 and No. 2:18-cv-127 [DE 33] filed by the plaintiffs, Surfrider Foundation and City of Chicago, on March 29, 2019. For the following reasons, the Motion to Lift Stay of Proceedings [DE 32] is **DENIED without prejudice**, and the Motion to Consolidate Cases No. 2:18-cv-20 and No. 2:18-cv-127 [DE 33] is **DENIED.**

*Background*

The plaintiffs, Surfrider Foundation and City of Chicago, commenced two separate actions on January 17, 2018 and January 24, 2018, respectively, against the defendant, United States Steel Corporation, under § 505 of the Clean Water Act (CWA), 33 U.S.C. § 1365. Surfrider's citizen suit has raised statutory claims for relief alleging that U.S. Steel discharged

pollutants in violation of § 301 of the CWA, 33 U.S.C. § 1311, and in violation of the National Pollutant Discharge Elimination System (NPDES) permits issued to U.S. Steel pursuant to § 402 of the CWA, 33 U.S.C. § 1342. The City's citizen suit includes the same claims and adds a sixth claim for negligence. The court on March 1, 2018, consolidated the plaintiffs' actions for discovery and for trial purposes.

On April 2, 2018, the United States and the State of Indiana (the Governments) initiated a separate but related action against U.S. Steel, *United States v. United States Steel Corporation, No. 2:18-cv-127, (N.D. Ind. 2018)*. On April 2, 2018, the Governments lodged a proposed Consent Decree that purported to resolve the Governments' claims against U.S. Steel. The parties have indicated that the facts alleged in the Governments' complaint and the instant matter relate to the same factual issues and claims and allege similar CWA violations by U.S. Steel. Therefore, the parties filed a joint motion requesting that the court stay the proceedings in the instant matter on April 4, 2018. This matter was stayed on April 6, 2018.

The plaintiffs filed a motion requesting the court to lift the stay on July 13, 2018. U.S. Steel opposed the motion because the legal and factual criteria for issuing the stay remained satisfied and because the plaintiffs had moved to intervene in the Governments' action. The court denied without prejudice the plaintiffs' request to lift the stay on December 6, 2018. (DE 31). The court held that if the motions to intervene were granted the plaintiffs would have the opportunity to participate directly in the Governments' litigation, thereby eliminating any prejudice to the plaintiffs in continuing the stay in the instant matter. (DE 31). Also, if the plaintiffs became parties to the Governments' action it may bar some of the plaintiffs' claims, thus narrowing the issues and reducing the burden on the parties and the court in the instant matter. (DE 31).

On December 13, 2018, the plaintiffs were granted intervenor status in the Governments' litigation and on December 27, 2018, the plaintiffs filed their Complaints-in-Intervention. The plaintiffs have indicated that to bring the CWA allegations at issue up-to-date and reflect more recent and ongoing violations, both plaintiffs filed Amended Complaints-in-Intervention on January 17, 2019. U.S. Steel has filed motions to dismiss the Amended Complaints-in-Intervention. Those motions are fully briefed and remain pending. This matter and the Governments' litigation were reassigned to Chief Judge Theresa L. Springmann on May 1, 2019.

The plaintiffs have moved to lift the stay and to consolidate this matter with the Governments' litigation. U.S. Steel filed a response in opposition on April 12, 2019, and the plaintiffs filed a reply on April 19, 2019.

*Discussion*

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." **Clinton v. Jones,** 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997) (citing **Landis v. N. Am. Co.,** 299 U.S. 248, 254, 57 S. Ct. 163, 165–66, 81 L. Ed. 153 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis,** 299 U.S. at 254. The ability to lift a stay previously enforced is included in this power.

**Federal Rule of Civil Procedure 42(a)** provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation itself serves "[t]he primary purpose . . . to promote convenience and judicial economy." **Miller v. Wolpoff & Ambramson, LLP,** 2007 WL

2473431, at *2 (N.D. Ind. 2007). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." **Hall v. Hall**, 138 S. Ct. 1118, 1131 (2018). In turn, a district court's decision to consolidate cases is subject to review "only for an abuse of discretion." **Star Ins. Co. v. Risk Marketing Group, Inc.**, 561 F.3d 656, 660 (7th Cir. 2009).

The plaintiffs have argued that judicial economy is best served by lifting the stay and consolidating this matter with the Governments' litigation because the cases involve the same core set of CWA violations by U.S. Steel and involve similar questions of law and fact related to the violations. The plaintiffs represent that their complaints raise virtually all the same facts and central questions of law at issue in the Governments' case. Thus, the plaintiffs have argued that resolving these questions of law in one proceeding would be most efficient.

U.S. Steel contends that lifting the stay and consolidating the matters would be contrary to judicial economy and the court's prior Opinion and Order. The court, in its previous Opinion and Order, denied without prejudice the plaintiffs' request to lift the stay because the pending motions to intervene in the Governments' litigation had an impact on this litigation. (DE 31). The court held that if the plaintiffs were able to participate directly in the Governments' litigation it would eliminate any prejudice to the plaintiffs in continuing the stay in the instant matter. (DE 31). Also, the court held that if the plaintiffs were granted intervenor status in the Governments' litigation it may bar some the plaintiffs' claims, and thus narrow the issues and reduce the burden on the parties and the court. (DE 31). On December 13, 2018, the plaintiffs were granted intervenor status in the Governments' litigation, which U.S. Steel indicates weighs in favor of maintaining the stay.

U.S. Steel represents that a resolution of the Governments' litigation by amended Consent Decree is expected in the near future. Therefore, lifting the stay at this stage of the

proceedings would be counterproductive and contravene the principles judicial economy. U.S. Steel asserts that the resolution of the Governments' litigation will resolve most, if not all, of the plaintiffs' claims. Thus, the resolution of the Governments' case would determine how the plaintiffs' case would proceed. Additionally, in the Governments' response to the notice of motion to consolidate, the Government indicated that it would be in the best interests of all parties and the court to keep the cases separate so the Governments could complete the Consent Decree process unimpeded.

U.S. Steel contends that although the Governments' litigation and the plaintiffs' case involve the same facts and similar claims, the questions of law do not overlap given the cases procedural postures. U.S. Steel has argued that the court in the Governments' litigation need not decide whether an amended Consent Decree moots or otherwise bars the plaintiffs' claims. Similarly, in the instant matter, the court need not decide whether the amended Consent Decree is fair, adequate, reasonable, and consistent with the public interest. Therefore, U.S. Steel contends that the court is addressing different legal questions based on the procedural posture and the nature of each case. Accordingly, consolidation would make little sense.

The purpose of consolidation is to promote convenience and judicial economy. The parties have agreed that a final Consent Decree resolving the claims raised in the Governments' complaint has the potential to narrow or resolve most, if not all, of the plaintiffs' claims in the complaints. The court cannot determine if any of the plaintiffs' claims remain viable until after entry of the Consent Decree in the Governments' action. U.S. Steel has represented that a resolution of the Governments' litigation by an amended Consent Decree is expected in the near future. Therefore, it would be against the interests of justice to interfere with that process. Additionally, the plaintiffs were granted intervenor status, which allows them to participate

5

directly in the Governments' litigation.  The plaintiffs will not be prejudiced because their rights are protected through their intervenor status.  The court finds that maintaining the stay and denying consolidation would best serve judicial economy and efficiency.

Based on the foregoing reasons, the Motion to Lift Stay of Proceedings [DE 32] is **DENIED without prejudice**, and the Motion to Consolidate Cases No. 2:18-cv-20 and No. 2:18-cv-127 [DE 33] is **DENIED.**

ENTERED this 28th day of June, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge